UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-cv-27-WGH-RLY |
| ) | |
| SCHWAN'S HOME SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO
ALTER/RECONSIDER ENTRY ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This matter is before the Magistrate Judge on Plaintiff's Motion to Alter/Reconsider Entry on Defendant's Motion for Summary Judgment filed September 1, 2006. (Docket Nos. 64, 65). Defendant's Response was filed on September 18, 2006. (Docket No. 68). Plaintiff's Reply in Support was filed on September 22, 2006. (Docket No. 69).

The purpose of a motion to reconsider under Federal Rule of Civil Procedure 59(e) is to direct a court's attention to newly discovered evidence or a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). In this case, the plaintiff does not point the Magistrate Judge to any newly discovered evidence. The plaintiff does ask the court to reexamine certain facts that were not explicitly mentioned by the court in its opinion, but all the plaintiff's arguments go to a reweighing of the overall factual basis that was before the court at the time the decision was rendered. The Magistrate Judge, however, believes

that while other fact finders could have given different weight to the various factual aspects pointed out in the plaintiff's brief, there was no manifest error of fact and no patent misunderstanding of the plaintiff's position.  Therefore, the decision to reconsider this case must be limited to whether there was a manifest error of law.

In the order in this case, the Magistrate Judge has admitted to some uncertainty as to the application of the newly developing test in discrimination claims that is referred to as the "convincing mosaic of circumstantial evidence." Upon reading the case of *Sylvester v. SOS Children's Villages Illinois, Inc.,* 453 F.3d 900 (7th Cir. 2006), and reviewing other cases in this district such as District Judge David F. Hamilton's recent decisions in *Elias Lopez v. Indiana-Kentucky Electric Corporation,* Cause No. 4:04-cv-169-DFH-WGH, and *Will C. Malone v. Indiana-Kentucky Electric Corporation,* Cause No. 4:04-cv-191-DFH-WGH (see www.insd.uscourts.gov, Recent Court Opinions), the Magistrate Judge believes that his analysis in this case concerning the effect of other pieces of the evidentiary mosaic may have been too narrow.  If, as Judge Posner discusses in *Sylvester,* the court must consider a large number of pieces of circumstantial evidence as direct evidence of discriminatory conduct, then it becomes very difficult to employ the summary judgment vehicle to resolve a discrimination claim.  Summary judgment is not applicable to a case where there are significant disputed inferences to be drawn from facts and significant disputed facts.  So long as the court must consider a mosaic of circumstantial evidence, it becomes very

difficult to find that there are no facts in dispute. Likewise, it is difficult to determine that no inferences that are adverse to the defendant can be drawn.

In light of the difficulties found in addressing the merits of a discrimination claim where there are many disputed issues of fact and many circumstances that can be considered, the Magistrate Judge concludes that the ends of justice would better be served by a full and complete exposition of the facts at a trial rather than through this summary vehicle. For this reason, the Magistrate Judge will reconsider his prior decision.

In addition, the parties dispute whether the case of *Hart v. Transit Management of Racine, Inc.,* 426 F.3d 863, 866 (7th Cir. 2005), conclusively stands for the proposition that the plaintiff's claim under 42 U.S.C. § 1981 for retaliation is not recognized under that statute. The Magistrate Judge believes that *Hart* currently stands for the proposition that no retaliation claim exists under § 1981. However, since further developments on that issue may occur between now and the time of the trial, the Magistrate Judge concludes that the appropriate time to resolve that matter finally in this case will be at the jury instructions conference level.

Therefore, the Magistrate Judge's prior order granting summary judgment is **RECONSIDERED.** Defendant's Motion for Summary Judgment is **DENIED** at this time. The Clerk of Court is **DIRECTED** to reopen this case on its docket.

A **TELEPHONIC STATUS CONFERENCE** to set a trial date in this matter is hereby set for **WEDNESDAY, NOVEMBER 29, 2006,** at 4:00 p.m., Terre Haute time (EST). Each counsel wishing to participate in this conference shall

individually place a call to the court's bridge line at (812) 434-6403 at the time of the conference.[1]

**SO ORDERED.**

**Dated:** 11/07/2006

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Amy Suzanne Wilson
LOCKE REYNOLDS LLP
awilson@locke.com

Heather L. Wilson
LOCKE REYNOLDS LLP
hwilson@locke.com

---

[1] The first person to call the number will hear a tone and then dead air.  As each additional person calls the number, they will hear a tone and then will be able to talk to all other persons who have previously connected to the conference call.