UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-cv-27-WGH-RLY |
| ) | |
| SCHWAN'S HOME SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OR CERTIFY ORDER
FOR INTERLOCUTORY APPEAL**

This matter is before the court on the Motion for Reconsideration or Certify Order for Interlocutory Appeal filed by defendant, Schwan's Home Service, Inc., on November 27, 2006.  (Docket No. 71).  Plaintiff filed a response on December 11, 2006.  (Docket No. 73).  Defendant filed a reply brief on December 22, 2006 (Docket No. 74).

In my original ruling on the Motion for Summary Judgment (Entry on Defendant's Motion for Summary Judgment dated August 23, 2006, Docket No. 62), I limited some pieces of circumstantial evidence that could be considered direct evidence of discrimination to that which immediately surrounded the May 23, 2003 incident that precipitated the plaintiff's firing.  Other decisions from this district and in this circuit do require the court to consider instances of conduct not directly related to the precipitating event of discharge to be considered in

deciding whether there is a "convincing mosaic of circumstantial evidence" which amounts to direct evidence of discrimination. As plaintiff points out at pages 5 and 6 of his response to this motion, disputed facts do involve Mr. Leiker, the decision maker, and not just other individuals.

It is important that the citizens of the Southern District of Indiana are treated as consistently as possible with respect to issues of law, the parameters of which are somewhat uncertain. By reconsidering my prior opinion, I believe I applied the applicable legal principles consistently with Judge Hamilton's approach in the *Malone* and *Lopez* decisions previously cited, specifically including that the pieces of the "mosaic" first focus on the decision maker's state of mind.

Summary judgment is a vehicle to resolve lawsuits when there are no disputed issues of fact and no inferences that can be drawn in favor of the nonmoving party. In this case, there are substantial disputed facts surrounding the plaintiff's treatment before and at the time of the May 23, 2003 incident. Given that a jury may infer discriminatory intent from a "convincing mosaic of circumstantial evidence," the Magistrate Judge believes that justice will better be served in this case when all of the facts are fully fleshed out and the jury has heard both sides of this dispute. Therefore, the defendant's motion to reconsider is **DENIED** as to the plaintiff's claims of discriminatory treatment.

As to whether the court will reconsider the plaintiff's claims under 42 U.S.C. § 1981, the defendant's motion to reconsider is **DENIED.** At this point in time, *Hart v. Transit Management of Racine, Inc.,* 426 F.3d 863 (7th Cir. 2005), appears to be the only case that has specifically addressed the issue of whether a claim for

retaliation may be brought under § 1981.  As the plaintiff points out, the plaintiff in *Hart* was a Caucasian individual.  This Magistrate Judge believes that if no new precedent is forthcoming before the trial of this matter, it is most likely that plaintiff's claim for retaliation under § 1981 will not be allowed to proceed for the jury's consideration.  However, in the event intervening cases may clarify this uncertain area of the law, and may establish that a person within a protected group does have protections from retaliation under § 1981, then the plaintiff has stated a claim and there is sufficient disputed facts to warrant the case being resolved by the jury.  This is an issue that the court will address at the Trial Rule 50 stage of the litigation.

As to the defendant's petition for interlocutory appeal under 28 U.S.C. § 1292(b), the Magistrate Judge declines to certify the matter for interlocutory appeal.  The issue of whether 42 U.S.C. § 1981 provides a claim for relief for retaliation is a question of law which is controlling and is contestable.  However, its resolution will not speed up this litigation.  See *Aarenholz v. Board of Trustees of University of Illinois,* 219 F.3d 674, 675-76 (7th Cir. 2000).  Because the plaintiff's other claims under Title VII must be revolved as well, the resolution of the § 1981 issue alone will not speed up the litigation.  Likewise, the question of whether – in the summary judgment context – a particular set of facts present a "convincing mosaic of circumstantial evidence" is not a pure question of law.  Therefore, interlocutory appeal is not warranted at this time, and defendant's motion is **DENIED** in that regard.

For these reasons, the defendant's Motion to Reconsider or Certify Order for Interlocutory Appeal is **DENIED.**

**SO ORDERED.**

**Dated:** January 18, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Robert Peter Kondras, Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Amy Suzanne Wilson
LOCKE REYNOLDS LLP
awilson@locke.com

Heather L. Wilson
LOCKE REYNOLDS LLP
hwilson@locke.com